UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **EMJ CONSTRUCTION, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 5:24-cv–1339-CLS |
| | ) |
| **MIKADA CABINETS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This action is before the court on the motion of plaintiff, EMJ Construction, LLC ("EMJ"), asking the court to confirm the final arbitration award entered in its favor and against defendant, Mikada Cabinets LLC ("Mikada"), on April 7, 2025. Doc. no. 14.

EMJ commenced this action on September 30, 2024, based upon Mikada's alleged repudiation of its subcontract agreement with EMJ for construction of a multi-family project located in Huntsville, Alabama.[1] The complaint asserts state law claims of breach of contract, negligence, and wantonness.[2]

Mikada was served with the summons and complaint on October 15, 2024, but failed to respond to the complaint.[3] EMJ moved for entry of default on November 6,

---

[1] Doc. no. 1 (Complaint).

[2] *Id.* at 4-6.

[3] Doc. no. 6 (Affidavit of Service); doc. no. 6-1 (signed return receipt).

2024, and the Clerk entered default on November 12, 2024.[4]

Even so, EMJ failed to move for a default judgment, and on January 3, 2025, the court entered an order directing EMJ to show cause why its claims against Mikada should not be dismissed for failure to prosecute.[5]  Instead of moving for default judgment, EMJ asked the court for a stay pending arbitration proceedings.[6]  The court entered an Order staying proceedings in this action, and directed the Clerk to close the file for administrative and statistical purposes.[7]  The Order further stated that the court retained jurisdiction, and that "the file may be reopened, on either party's motion, for an appropriate purpose, such as dismissal following settlement, entry of judgment, vacatur, or modification of an arbitrator's award."[8]

James P. Green, who was the arbitrator appointed to this matter by the American Arbitration Association ("AAA"), held a preliminary hearing on December 9, 2024.[9]  Mikada did not attend the hearing, and, in accordance with the "AAA Construction Industry Arbitration Rules," an in-person evidentiary hearing was scheduled for EMJ to submit evidence in support of its claims.[10]  That hearing was

---

[4] Doc. no. 9 (Clerk's Entry of Default).

[5] Doc. no. 11.

[6] Doc. no. 12.

[7] Doc. no. 13.

[8] *Id.* (citations omitted).

[9] Doc. no. 14-31 (Report of Preliminary Hearing and Scheduling Order).

[10] *Id.*

conducted on February 18, 2025, and, again, Mikada did not appear.[11] EMJ presented evidence in support of its claims, and on April 7, 2025, the Arbitrator entered a Final Award in favor of EMJ and against Mikada in the amount of $1,429,830.49.[12]

EMJ filed the present motion on January 13, 2026, asking the court to "lift the stay of this civil action," and to confirm the final arbitration award and direct the entry of judgment in favor of EMJ and against Mikada in the amount of the arbitration award, as well as to award costs and post-arbitration award, prejudgment, and post-judgment interest.[13]

As an initial matter, due to the procedural posture of the case, the court will construe EMJ's motion both as a motion for default judgment and for confirmation of the arbitration award.

Under Federal Rule of Civil Procedure 55(b), the court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is warranted where there is a sufficient basis in the pleadings for

---

[11] Doc. nos. 14-1 (Final Award) & 14-36 (AAA summary of evidenitary hearing). .

[12] EMJ's motion states that the arbitrator awarded the sum of $1,409,323.86. Doc. no. 14 (Motion to Confirm Arbitration Award),¶ 11. However, the Final Award required Mikada to reimburse EMJ for the administrative fees of AAA and the compensation and expenses of the arbitrator, in the sum of $20,506.63, for a total sum of $1,429,830.49. Doc. no.14-1, at 9.

[13] Doc. no. 14.

the judgment to be entered. *Surtain v. Hamlin Terrace Foundation* 789 F.3d 1239, 1245 (11th Cir. 2015).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Financial & Insurance Services*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *See Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The court may enter a default judgment awarding damages without a hearing where "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1986). When the default judgment is based upon an arbitration award, no hearing is necessary where the arbitration award includes a fixed damages amount.

In the present case, the well-pleaded allegations of the complaint, in addition to the detailed factual findings of the arbitrator, provide a sufficient basis for default judgment.[14] Moreover, the arbitration award establishes a fixed damages amount. Accordingly, default judgment will be entered without a hearing.

---

[14] *See* doc. no. 1 (Complaint); doc. no. 14-1 (Final Award of the Arbitrator).

Plaintiff requests confirmation of the arbitration award and a final judgment conforming with the provisions of the award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Any party to arbitration may apply to the court for an order confirming an arbitration award within one year after the award is made. 9 U.S.C. § 9. "A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy Allied Industrial & Service Workers International Union, AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015). The FAA provides that, upon receiving an application to confirm an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." *See* 9 U.S.C. § 9 (emphasis and alteration supplied). The court must "give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). The only bases for vacating an award are:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon hte subject matter submitted was not made.

9 U.S.C. § 10(a).[15]

The threshold requirements to confirm the arbitration award have been met. The award was issued on April 7, 2025, and the motion to confirm the award was filed on January 13, 2026 — within the one-year period. There have been no attempts to vacate, modify, or correct the award, and the time to do so has passed. Although the arbitration award was obtained by default, there is no evidence that any basis for vacating the award applies. EMJ filed a "Process Receipt and Return," which indicates that Mikada was served with the motion to confirm the arbitration award on February 2, 2026.[16] Mikada did not respond to the motion.

Accordingly, for the foregoing reasons, plaintiff's motion to confirm the arbitration award will be granted. A separate final judgment will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 2nd day of March, 2026.

_____
Senior United States District Judge

---

[15] The Eleventh Circuit has recognized two additional, non-statutory bases for vacating an arbitration award: (1) where the award is arbitrary and capricious; or (2) where enforcement of the award would be contrary to public policy. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 775 (11th Cir. 1993).

[16] Doc. no. 15.